

575 5th Avenue, 14th Floor
New York, NY 10017

Max Rodriguez
max@maxrodriguez.law
T 646-741-5167

April 14, 2024

**Via ECF**

Partricia S. Dodszuweit
Clerk of the Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse, 601 Market Street
Philadelphia, PA 19106-1790

  Re: *Jankowicz v. Fox News Network, LLC et al.*, No. 24-2544 (3d Cir.)

  Pursuant to Fed. R. App. P. 28(j), Appellant Nina Jankowicz hereby submits and encloses a relevant supplemental authority decided after the completion of briefing in this appeal.

  On April 10, 2025, the United States District Court for the Eastern District of Pennsylvania issued a memorandum opinion denying a motion to dismiss a defamation claim. *Salaam et al. v. Trump*, No. 2:24-cv-05560-WB, ECF no. 37 (E.D. Pa. Apr. 10, 2025) (the "*Salaam* Decision"). In the *Salaam* decision, the district court correctly applied the motion to dismiss standard by providing appropriate deference to the plaintiffs' allegations and drawing all reasonable inferences therefrom.

  First, the district court, relying on *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), described the plaintiffs' allegations in detail, taking them as true. *Salaam* Decision at 1–5. Appellant cited this Court's decision in *Fowler* for the same proposition. Appellant Br. at 2, 27.

  Second, when considering whether the statements at issue were actionable statements of fact, the district court correctly noted that "a plaintiff need not establish that a statement's alleged defamatory meaning is the only possible interpretation, merely that the alleged defamatory meaning is a reasonable one." *Salaam* Decision at 8. The district court correctly noted that "Plaintiffs' interpretation is what steers the analysis" of whether statements are actionable, and in considering that interpretation, found it was plausible that the statements at issue were capable of defamatory meaning. *Id.* at 10–11. Appellant has argued the same approach should have been applied in this case. *See, e.g.*, Appellant Br. at 36–37, Appellant Reply Br. at 6–10.

  Third, when considering the defendant's argument of substantial truth to the statements, the district court rejected the argument, among other things finding that there was not sufficient evidence of truth at the early motion to dismiss stage. *See Salaam* Decision at 12–15.

  Finally, the district court also noted that it could consider statements outside the statute of limitations even if those statements themselves could not give rise to liability. *Salaam* Decision at 3 n.1.



Partricia S. Dodszuweit, Clerk of Court
*Jankowicz v. Fox News Network, LLC et al.*, No. 24-2544 (3d Cir.)
April 14, 2025
Page 2 of 2

                            Respectfully submitted,

By:      */s/ Max Rodriguez*

           Max Rodriguez
           LAW OFFICE OF MAX RODRIGUEZ PLLC
           575 5th Avenue, 14th Floor
           New York, NY 10017
           Tel: (646) 741-5167
           max@maxrodriguez.law

           Rylee Sommers-Flanigan
           Molly E. Danahy
           UPPER SEVEN LAW
           P.O. Box 31
           Helena, MT 59624
           (406) 306-0330
           rylee@uppersevenlaw.com

           *Attorneys for Plaintiff-Appellant*
           *Nina Jankowicz*

cc:      Counsel of Record (via ECF)